IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JOHN F. JONES,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-CV-00463 |
| | § | |
| **CENTENE MANAGEMENT** | § | |
| **COMPANY, LLC,** | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1332, Defendant Centene Management Company, LLC ("Defendant") files this Notice of Removal of the above-entitled action from the District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division. As shown herein, removal of this case to federal court is proper based on diversity jurisdiction.

## I.
## DIVERSITY JURISDICTION

1. This Court has subject matter jurisdiction based on diversity of citizenship. *See* 28 U.S.C. § 1332. Diversity jurisdiction exists in a civil matter when: (1) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (2) the dispute is between citizens of different states. *Id.* § 1332(a)(1). As shown below, both of these requirements are met in this case.

**A.    The Amount in Controversy Exceeds $75,000.**

2. The face of Plaintiff's Petition establishes that Plaintiff's damages exceed $75,000, exclusive of interest and costs, thus satisfying the requirement of 28 U.S.C. § 1332.

1

*See, e.g.*, *White v. FCI USA, Inc.*, 319 F.3d 672, 674-75 (5th Cir. 2003) ("The test is whether it is more likely than not that the claim will exceed [$75,000].").

3. Specifically, Plaintiff alleges Defendant terminated his employment as a Facilities Specialist on February 9, 2021. *See* Pl. Pet. at p. 3, attached at EXHIBIT A. Plaintiff's Petition further alleges, "John Jones is now suffering and will continue to suffer injury and monetary damages as a result of Defendant's discriminatory practices unless this Court grants relief. Specifically, John Jones has suffered damages in the form of back pay, front pay, lost benefits, and compensatory damages. John Jones seeks punitive damages due to Centene's malicious actions toward him. Pursuant to Texas Rule of Civil Procedure 47(c), <u>monetary relief is sought over $250,000</u> but not more than $1,000,000.00." *Id*. at pp. 3-4 (emphasis added).

4. Defendant altogether denies Plaintiff's allegations and denies that Plaintiff is entitled to the damages sought in Plaintiff's Petition, but Plaintiff has unequivocally alleged damages that exceed $75,000. Accordingly, the amount-in-controversy requirement is met. *See* 28 U.S.C. § 1332(a).

**B.**     **<u>Complete Diversity of Citizenship Exists Between Plaintiff and Defendant.</u>**

5. The second requirement for removal is also established because there was complete diversity of citizenship between Plaintiff and Defendant at the time of filing of Plaintiff's Petition and at the time of removal.

*(1)* *<u>Plaintiff is a Citizen of Texas</u>*

6. Plaintiff's Petition alleges that Plaintiff is an individual residing in Harris County, Texas. *See* Pl.'s Pet. at p. 1 in the paragraph titled "Parties, Residence and Service," attached at EXHIBIT A.

7. An individual is a citizen of the state in which he or he is domiciled. Accordingly, Plaintiff is a citizen of Texas for purposes of diversity jurisdiction.

### (2) *Defendant is Not a Citizen of Texas*

8. Plaintiff's Petition alleges that Defendant is a "foreign limited liability company." *See* Pl.'s Pet. at p. 1 in the paragraph titled "Parties, Residence and Service," attached at EXHIBIT A. Indeed, Defendant, Plaintiff's former employer, is a Wisconsin limited liability company.[1]

9. The citizenship of a limited liability company is determined, for diversity jurisdiction purposes, by examining the citizenship of each member of the limited liability company. *See, e.g.*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Defendant's sole member is Centene Corporation. Centene Corporation is incorporated under the laws of Delaware and maintains its principal place of business in Missouri.[2] Consequently, Defendant is not a citizen of Texas and there is complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332(c)(1).

10. Therefore, for purposes of removal, Defendant was and is a citizen of a state other than Texas and complete diversity exists.

## II.
## BACKGROUND

11. Plaintiff has filed this lawsuit against Defendant for alleged employment discrimination and retaliation. On January 6, 2022, Plaintiff John F. Jones ("Plaintiff") initiated this action, captioned *John F. Jones v. Centene Management Company, LLC*, against Defendant, his former employer, in the 165th District Court of Harris County, Texas, by filing Plaintiff's

---

[1] https://www.wdfi.org/apps/CorpSearch/Details.aspx?entityID=C043655&hash=63855550&searchFunctionID=c83f6780-0436-47a8-b063-299d17be243e&type=Simple&q=centene+management+company%2c+LLC (identifying Defendant as a domestic limited liability company registered with the Wisconsin Department of Financial Institutions as of October 11, 1996).

[2] *See* https://sec.report/CIK/0001071739 (reflecting incorporation in Delaware and principal business operations in Missouri).

3

Original Petition ("Plaintiff's Petition"). The state court designated Plaintiff's action as Cause No. 2022-00934.

12. In accordance with Local Rule 81 and 28 U.S.C. § 1446(a), a docket sheet and true and correct copies of all process, pleadings, and orders related to the state court proceeding are attached hereto as EXHIBIT A and incorporated herein by reference.

13. On January 14, 2022, Plaintiff served Defendant with Plaintiff's Petition by certified mail through Defendant's registered agent for service of process. *See* Affidavit of Service, attached as EXHIBIT A. Defendant subsequently and timely filed Defendant's Answer and Affirmative and Other Defenses to Plaintiff's Petition on February 4, 2022. *See* EXHIBIT A.

14. In Plaintiff's Petition, Plaintiff alleges that he experienced race and age discrimination and retaliation for complaining about discrimination during his employment with Defendant in violation of Chapter 21 of the Texas Labor Code ("Chapter 21"). *See* Pl.'s Pet. at p. 3 in the paragraph titled "Violation of the TCHRA," attached at EXHIBIT A.

### III.
### PROCEDURAL PREREQUISITES

15. Venue is proper as this is the Court assigned to the district and division in which the action is pending in state court. *See* 28 U.S.C. § 124(b)(2). Defendant is filing this Notice of Removal within 30 days of being served with citation and a copy of Plaintiff's Petition from which it was first ascertainable that the case was removable to federal court. Therefore, removal to this Court is both proper and timely under 28 U.S.C. § 1446(b).

16. As required by 28 U.S.C. § 1446(d), a Notice to the State Court of Filing of Notice of Removal, together with a copy of this Notice of Removal, is being promptly filed in the 165th District Court, Harris County, Texas and served on Plaintiff. A true and correct copy

4

of the Notice to State Court of Filing Notice of Removal (without exhibits), filed with the 165th District Court, Harris County, Texas, is attached hereto as EXHIBIT B.

17. Pursuant to Local Rule 81.6, an Index of Matters Being Filed and list of counsel of record and parties represented is attached hereto as EXHIBIT C.

18. By removing this action, Defendant does not waive any defenses, objections, or motions available to it under state or federal law.

## IV.
## CONCLUSION

Accordingly, because there is complete diversity and the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has jurisdiction under 28 U.S.C. § 1332. Defendant requests that the 165th District Court, Harris County, Texas proceed no further with Cause No. 2022-00934 and that *John F. Jones v. Centene Management Company, LLC* be removed to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

*Of Counsel:*

**Elizabeth L. Bolt**
State Bar No. 24059470
Fed. Id. No. 1034909
ebolt@littler.com
**LITTLER MENDELSON P.C.**
1301 McKinney Street
Suite 1900
Houston, Texas 77010
Telephone No.:  713.951.9400
Facsimile No.:  713.951.9212

*/s/ Danielle K. Herring*
**Danielle K. Herring (Attorney-in- Charge)**
State Bar No. 24041281
Fed. Id. No. 36896
dherring@littler.com
**LITTLER MENDELSON P.C.**
1301 McKinney Street
Suite 1900
Houston, Texas 77010
Telephone No.:  713.951.9400
Facsimile No.:  713.951.9212

**ATTORNEYS FOR DEFENDANT CENTENE MANAGEMENT COMPANY, LLC**

**CERTIFICATE OF SERVICE**

  This is to certify that a true and correct copy of the foregoing instrument was forwarded to counsel of record, *via* e-file notification and certified mail, return receipt requested on this 11th day of February, 2022 to:

Craig R. Keener
Craig R. Kenner, P.C.
1005 Heights Boulevard
Houston, Texas 77008

*Sent Via Certified Mail, Return Receipt
Requested No. 9314 7699 0430 0091 7721 11*

ATTORNEY FOR PLAINTIFF JOHN F. JONES

           */s/ Danielle K. Herring*
           Danielle K. Herring

4855-3235-2778.2 / 108840-1068